IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03016-BNB
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

CARRILLO FRANCO,

    Plaintiff,

v.

CDOC EXECUTIVE DIRECTOR,
KEN STOLBA, Lt., BVMC Food Services,
MICHAEL HUGHES, Life Safety Coordinator, 14649,
MARSHALL GRIFFITH, 14298, and
ANTHONY A. DECESARO, Grievance Officer,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Carrillo Franco, is in the custody of the Colorado Department of Corrections at the Buena Vista Correctional Facility.  He has filed, *pro se*, a Prisoner Complaint alleging deprivations of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.  Mr. Franco has paid the applicable $400.00 filing fee.

    The Court must construe the Complaint liberally because Mr. Franco is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  The Court has reviewed the complaint and has determined that it is deficient.  For the reasons discussed below, Mr. Franco will be ordered to file an amended complaint.

Mr. Franco alleges in the Complaint that on June 6, 2013, while he was performing his prison work assignment as a cook, he fell on the kitchen floor, injuring both his shoulders, right knee, neck, and left wrist. Plaintiff asserts that improper grate installation, together with a grate made slick by water and oil, caused his slip and fall. He alleges that the BVCF medical department is aware of the problem "because several serious incidents have occurred involving the grates." [Doc. # 1, at 3]. Mr. Franco filed grievances requesting that the facility purchase slick resistant, perforated rubber mats and place then over the tops of the grates that are in front of the kettles to prevent future accidents. In addition, Plaintiff asked for preservation of security camera footage showing his slip and fall. Mr. Franco asserts that he did not receive adequate responses to his grievances complaining about the dangerous condition of the kitchen floor and that Defendants ignored his requests for preservation of the video camera footage. Plaintiff claims that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. He asserts specifically that Defendant Lt. Solba, who oversees the operation of the facility's kitchen, knowingly allowed unsafe working conditions to exist, which resulted in injury to Plaintiff and other inmates. Plaintiff further claims that Defendant Solba's refusal to help him secure the video footage of his slip and fall violated his Fourteenth Amendment due process rights. Mr. Franco seeks injunctive and monetary relief.

The Complaint is deficient because Mr. Franco fails to allege the personal participation of all named Defendants in a violation of his constitutional rights. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).   A supervisor defendant, such as the CDOC Executive Director, may not be held liable for the unconstitutional conduct of his  subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Furthermore, Mr. Franco's claims against Defendants Hughes, Griffith, and DeCesaro are deficient because he seeks to hold those Defendants liable on the basis that they denied his grievances at different levels of administrative review.  However, the "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also  Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843

(10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").  Accordingly, it is

ORDERED that Plaintiff, Carrillo Franco, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Mr. Franco, shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Franco fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the Court may dismiss some of the claims and defendants without further notice for the reasons discussed above.  It is

DATED November 14, 2013, at Denver, Colorado.

                                              BY THE COURT:

                                              s/ Boyd N. Boland
                                              United States Magistrate Judge