IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03016-BNB

CARRILLO FRANCO,

    Plaintiff,

v.

LT. KENNETH STOLBA, BVMC Food Services Supervisor,
MICHAEL HUGHES, Life Safety Coordinator,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AND FINAL AMENDED COMPLAINT

    Plaintiff, Carrillo Franco, is in the custody of the Colorado Department of Corrections at the Buena Vista Correctional Facility. He initiated this action by filing, *pro se*, a Prisoner Complaint alleging deprivations of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Mr. Franco has paid the applicable $400.00 filing fee.

    On November 14, 2013, Magistrate Judge Boland reviewed the Complaint and determined that it was deficient because Mr. Franco failed to allege the personal participation of each of the five named Defendants in a deprivation of his constitutional rights. Magistrate Judge Boland therefore directed Plaintiff to file an Amended Complaint within thirty days of the November 14 Order. On December 11, 2013, Mr. Franco filed an Amended Complaint. The Amended Complaint is asserted against only two Defendants.

    The Court must construe the Amended Complaint liberally because Mr. Franco is

not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, Mr. Franco will be ordered to file a Second Amended Complaint.

Mr. Franco alleges in the Amended Complaint [Doc. # 4] that on June 6, 2013, while he was performing his prison work assignment as a cook, he slipped and fell on the kitchen floor injuring both of his shoulders and his right knee, neck and left wrist. Plaintiff alleges that the floor grates were installed improperly and were slick with water and oil. He asserts that Defendant Solba, the kitchen supervisor, and Defendant Hughes, the facility's life safety coordinator, knew that there was a problem with slippery grates because of several other slip and fall incidents involving staff and offenders. Mr. Franco further asserts that Defendants failed to implement appropriate safety measures and ordered the inmates to work under the hazardous conditions, which resulted in Plaintiff's injury. Mr. Franco claims that Defendants acted with deliberate indifference to his Eighth Amendment right against cruel and unusual punishment. He seeks injunctive and monetary relief.

"To prevail on a 'conditions of confinement' claim under the Eighth Amendment, an inmate must establish that (1) the condition complained of is 'sufficiently serious' to implicate constitutional protection, and (2) prison officials acted with 'deliberate indifference to inmate health or safety.'" *Reynolds v. Powell*, 370 F.3d 1028, 1031–1032 (10th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The question of the defendant's culpability is subjective, but whether the condition complained of is sufficiently serious is evaluated on an objective basis. *Barney v. Pulsipher*, 143 F.3d

1299, 1310 (10th Cir.1998).

The objective component of a "conditions of confinement" claim requires that the objectionable conditions be sufficiently serious so as to "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Tenth Circuit has held that a slippery prison floor is not a sufficiently serious condition to warrant constitutional protection under the Eighth Amendment. *See Reynolds*, 370 F.3d at 1031 (noting the general rule barring Eighth Amendment liability in prison slip and fall cases and collecting cases from other jurisdictions). Simply put, "[a] 'slip and fall,' without more, does not amount to cruel and unusual punishment. . . . Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles." *Id.* (citing and quoting *Mitchell v. West Virginia*, 554 F.Supp. 1215, 1216–17 (N.D. W.Va.1983)). To maintain an Eighth Amendment claim, the plaintiff must therefore allege unique or specialized facts about his situation. *Reynolds*, 370 F.3d at 1031.

Mr. Franco's allegations that Defendants were on notice of the dangerous condition because of prior slip and fall incidents do not constitute unique or specialized facts sufficient to transform his negligence claim into an constitutional claim. According to Plaintiff, the hazard he faced was the same as that faced by staff members. [Doc. # 4, at 2]. Notwithstanding, because Mr. Franco may be able to allege facts sufficient to state an arguable Eighth Amendment claim, the Court will afford him one final opportunity to amend his complaint. Accordingly, it is

ORDERED that Plaintiff, Carrillo Franco, file **within thirty (30) days from the date of this order,** a Second Amended Complaint that complies with the directives in

this order.  It is

FURTHER ORDERED that Mr. Franco, shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Franco fails to file a Second Amended Complaint that complies with this order within the time allowed, the Court will dismiss this action without further notice for the reasons discussed above.  It is

DATED December 16, 2013, at Denver, Colorado.

                                             BY THE COURT:

                                             s/ Boyd N. Boland
                                             United States Magistrate Judge