IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03016-BNB

CARRILLO FRANCO,

      Plaintiff,

v.

LT. KENNETH STOLBA, BVMC Food Services Supervisor,
MICHAEL HUGHES, Life Safety Coordinator,

      Defendants.

---

## ORDER OF DISMISSAL

---

      Plaintiff, Carrillo Franco, is in the custody of the Colorado Department of Corrections at the Buena Vista Correctional Facility.  He initiated this action by filing a Prisoner Complaint *pro se* alleging deprivations of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.  Mr. Franco has paid the applicable $400.00 filing fee.

      On November 14, 2013, Magistrate Judge Boland reviewed the Complaint and determined that it was deficient because Mr. Franco failed to allege the personal participation of each of the five named Defendants in a deprivation of his constitutional rights.  Magistrate Judge Boland therefore directed Plaintiff to file an Amended Complaint within thirty days of the November 14 Order.  Mr. Franco filed an Amended Complaint asserting claims against two Defendants on December 11, 2013.

      On December 16, 2013, Magistrate Judge Boland reviewed the Amended Complaint and determined that it was deficient because it failed to allege facts to show

an arguable deprivation of Mr. Franco's Eighth Amendment rights.  Magistrate Judge

Boland therefore directed Mr. Franco to file a Second Amended Complaint within thirty

days of the December 16 Order.  Plaintiff filed his Second Amended Complaint on

January 10, 2014.  (Doc. No. 6).

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the Second

Amended Complaint because Mr. Franco is a prisoner and he is seeking redress from

officers or employees of a governmental entity.  Pursuant to § 1915A(b)(1), the Court is

required to dismiss the Second Amended Complaint, or any portion thereof, that is

frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a

legal interest that clearly does not exist or asserts facts that do not support an arguable

claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Second Amended Complaint liberally because Mr.

Franco is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court

should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  For the

reasons discussed below, the Second Amended Complaint and this action will be

dismissed.

Mr. Franco alleges in the Second Amended Complaint that on June 6, 2013,

while he was performing his prison work assignment as a cook, he slipped and fell on

the drainage grate system that is installed in the Minimum Center Kitchen floor, injuring

his shoulders, right knee, neck, and left wrist.  Plaintiff alleges that the floor grates were

installed improperly and were slick with water and oil.   He asserts that Defendant

Solba, the kitchen supervisor, and Defendant Hughes, the facility's life safety

2

coordinator, knew that there was a problem with slippery grates after several slip and fall incidents involving staff and offenders.  According to Plaintiff, Defendant Stolba "negligently allow[ed] an unsafe working condition(s) to exist." (Doc. No. 6, at 3). Mr. Franco further asserts that Defendants failed to implement appropriate safety measures and ordered the inmates to work under the hazardous conditions, which resulted in Plaintiff's injury.  Mr. Franco claims that Defendants acted with deliberate indifference to his Eighth Amendment right against cruel and unusual punishment.  He requests monetary relief.

Mr. Franco has failed to state an arguable deprivation of his Eighth Amendment rights.  "To prevail on a 'conditions of confinement' claim under the Eighth Amendment, an inmate must establish that (1) the condition complained of is 'sufficiently serious' to implicate constitutional protection, and (2) prison officials acted with 'deliberate indifference to inmate health or safety.'" *Reynolds v. Powell*, 370 F.3d 1028, 1031–1032 (10th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  Whether the condition complained of is sufficiently serious is evaluated on an objective basis. *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir.1998).

The objective component of a "conditions of confinement" claim requires that the objectionable conditions be sufficiently serious so as to "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Tenth Circuit has held that a slippery prison floor is not a sufficiently serious condition to warrant protection under the Eighth Amendment.  *See Reynolds*, 370 F.3d at 1031 (noting the general rule barring Eighth Amendment liability in prison slip and fall cases and collecting cases from other jurisdictions).  Simply put, "[a] 'slip and fall,'

3

without more, does not amount to cruel and unusual punishment. . . . Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles." *Id.* (citing and quoting *Mitchell v. West Virginia*, 554 F.Supp. 1215, 1216–17 (N.D. W.Va.1983)).  To maintain an Eighth Amendment claim, the plaintiff must therefore allege unique or specialized facts about his situation.  *Reynolds*, 370 F.3d at 1031.

Mr. Franco's allegations that Defendants were on notice of the dangerous condition because of prior slip and fall incidents do not constitute unique or specialized facts sufficient to transform his negligence claim into a constitutional claim.  According to Plaintiff, the hazard he faced was the same as that faced by other inmates and staff members. (Doc. No. 6, at 3-4).   Accordingly, it is

ORDERED that the Second Amended Complaint and this action are DISMISSED as legally frivolous pursuant to 28 U.S.C. § 1915A.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this  11th  day of    February        , 2014.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

4